FILED
SUPERIOR COURT
OF GUAM

2019 FEB 19 PM 1:30

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, <br><br> vs. <br><br> **CRAIG CHIGUINA BREWER,** <br> DOB: 07/15/1979 <br><br><br> Defendant. | CRIMINAL CASE NO. CF 0027-19 <br><br><br> **DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 14, 2019, upon Defendant Craig Chiguina Brewer's *Ex Parte* Motion and Application for Bail Redetermination filed on January 22, 2019. Assistant Public Defender Zachary Taimanglo represented the Defendant Craig Chiguina Brewer ("Defendant"), and Assistant Attorney General Jeremiah Luther represented the People of Guam ("the People"). For the reasons set forth below, having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

On January 15, 2019, a grand jury returned an indictment and charged the Defendant with: 1) CRIMINAL MISCHIEF (as a Third Degree Felony) and 2) HARASSMENT (as a Petty Misdemeanor). See Indictment (Jan. 15, 2019). According to the Declaration attached to the Magistrate Complaint, the charges against the Defendant were based on an altercation between the Defendant and the victim that allegedly caused the Defendant to punch and damage the front windshield of the victim's vehicle. See Magistrate Complaint (Jan. 15, 2019). The Defendant



also purportedly attempted to punch the front driver side window of the victim's vehicle, but the victim was able to escape and called the police. Id.

The Defendant remains in custody pending the posting of Three Thousand ($3,000.00) cash bail. See Commitment Order (Jan. 15, 2019). Defendant moves for his release on personal recognizance or unsecured bond with proposed third party custodians. See Ex Parte Motion for Release (Jan. 22, 2019). Although the People did not file a written Opposition with the Court, the People, at the motion hearing, opposed the Defendant's motion on the grounds that the Defendant would endanger the safety of the community.

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.15 of Title 8 of the Guam Code states, that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20; see Guam v. Song, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. Id. at (c)(2) through (6).

Here, the Court recognizes the Defendant is a resident of Guam and has most of his family ties in Guam. The Court does not view Defendant as a flight risk. However, the Court is

concerned with Defendant's risk to the community and disregard for previous Court orders. The Defendant has the following active cases in which he was given the opportunity to be released pending trial: CF0370-17 (Terrorizing); CF0456-16 (Criminal Mischief); CF0734-16 (Assault); CM0684-15/CM0700-15 (Assault). Within one year of his release in each of the aforementioned active criminal cases, the Defendant continued to pick up similar charges one after another. In consideration of the Defendant's criminal history, the Court finds the instant motion curious. Hence, for the Court to grant the Defendant's motion and release him on personal recognizance would be disingenuous. Further, the Court finds that a Three Thousand Dollar ($3,000.00) cash bail is an appropriate amount.

**CONCLUSION**

For the reasons set forth above, the Defendant's Ex Parte Motion for Bail Determination is **DENIED**.

**IT IS SO ORDERED** ___ **FEB 1 9 2019** ___ .



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

PROX
at a c...
as pl...

PDSC/AG's
2/19/19  135p
PCIJ
of Guam